Cristobal **LUMBRERAS**, Fremont Forest Systems, Inc., an Oregon corporation, Plaintiffs–Appellants,

and

**Joost Vanderhave and Green Villa Farms, L.L.C., an Oregon corporation, Plaintiffs,**

v.

Jack **ROBERTS**, Nedra Cunningham, and Stan Wojtyla, Defendants–Appellees.

No. 04–35557.

D.C. No. CV–02–1730–MO.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 17, 2005.

Decided Dec. 7, 2005.

James M. Brown, Esq., Salem, OR, for Plaintiffs–Appellants.

Robert L. Eagle, Eagle & Schmidtman, Woodburn, OR, for Plaintiffs.

Phillip Bender, Esq., Office of the Oregon Attorney General, Salem, OR, for Defendants–Appellees.

Before KLEINFELD and GRABER, Circuit Judges, and MOSKOWITZ.,* District Judge.

MEMORANDUM **

Plaintiffs Cristobal Lumbreras and Fremont Forest Systems, Inc., sued Defendants Roberts, Cunningham, and Wojtyla, all employees of the Oregon Bureau of Labor and Industries ("BOLI"), under 42 U.S.C. § 1983. Plaintiffs contend that BOLI's summary revocation of their farm/forest labor contractor license violated the Equal Protection and Due Process Clauses of the U.S. Constitution. The district court granted Defendants' motion for summary judgment, finding that they were entitled to qualified immunity. On de novo review, *Yakutat, Inc. v. Gutierrez,* 407 F.3d 1054, 1066 (9th Cir.2005), we affirm the district court's ruling.

With respect to the forest labor license, this court has previously held that "summary government action taken in emergencies designed to protect public health, safety and general welfare does not violate due process." *Sinaloa Lake Owners Ass'n v. City of Simi Valley,* 882 F.2d 1398, 1405 (9th Cir.1989), *overruled on other grounds*

---

* The Honorable Barry Ted Moskowitz, United States District Judge for the Southern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

by *Armendariz v. Penman*, 75 F.3d 1311, 1326 (9th Cir.1996) (en banc). Here Plaintiffs do not dispute that their firefighter training records contained discrepancies. Nor do they dispute the danger that untrained firefighters in the field would pose. Because BOLI's summary action was based upon a reasonably perceived emergency, summarily revoking Plaintiffs' forest labor license did not violate their constitutional rights.

It is not clearly established under Oregon law that BOLI could have permitted Plaintiffs to continue operating under their farm labor license while it investigated the forest license discrepancies. Even if failing to split the license did violate Plaintiffs' constitutional right to due process, Defendants are still entitled to qualified immunity because a reasonable government official would not have know that a failure to split the license under the circumstances in this case was unconstitutional. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982).

Defendants are also entitled to summary judgment on the equal protection claim because Plaintiffs cannot show that they have been intentionally treated differently from others similarly situated. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000) (per curiam).

AFFIRMED.